

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANDRA DANIELS ALLEN, Individually, as Independent Executor of the Estate of Hoyt E. Allen, Deceased, and as Trustee of the Hoyt E. Allen Testamentary Trust,<br>　　　　Plaintiff,<br>v.<br><br>WILLIAM ERIK BYRNE, BYRNE RISK MANAGEMENT SERVICES, INC., GLOBAL SERVICE GROUP, LC, CYRIL "CHIP" MORGAN, JR, WALTER H.C. DRAKEFORD, and DRAKEFORD & DRAKEFORD, LLC,<br>　　　　Defendants. | §§§§§§§§§§§§§§ Civil Case No. _____<br>**3-07CV-0601R** |

## COMPLAINT & JURY DEMAND

TO THE HONORABLE COURT:

SANDRA DANIELS ALLEN, Individually, as Independent Executrix of the Estate of Hoyt E. Allen, Deceased, and as Trustee of the Hoyt E. Allen Testamentary Trust (***"Plaintiff"***), complaining of WILLIAM ERIK BYRNE, BYRNE RISK MANAGEMENT SERVICES, INC., GLOBAL SERVICE GROUP, LC, CYRL "CHIP" MORGAN, JR., WALTER H.C. DRAKEFORD, and DRAKEFORD & DRAKEFORD, LLC (***"Defendants"***), shows the Court:

### 1. Parties

**a. Plaintiff**

1. Plaintiff is an individual residing in Rockwall, Rockwall County, Texas.

2. Plaintiff is the Independent Executrix of the Estate of Hoyt E. Allen, Deceased, acting under Letters Testamentary issued by the County Court of Rockwall County, Texas.

3. Plaintiff is the Trustee of the Testamentary Trust established in the Last Will & Testament of Hoyt E. Allen, Deceased (for convenience, ***"the Testamentary Trust"***).

**b. Defendants**

4. William Erik Byrne (***"Byrne"***) is an individual residing in Corpus Christi, Texas, and he may be reached for service at the following address:

        Erik Byrne
        701 Ayers Street
        Corpus Christi, TX 78404

5. Byrne Risk Management Services, Inc. (*"BRM"*) is a Texas corporation, and it may be reached for service by serving its registered agent at the following address:

        William Erik Byrne
        Byrne Risk Management Services, Inc.
        500 N. Shoreline, Suite 703
        Corpus Christi, TX 78471

6. Alternatively, Byrne is an officer or manager of BRM, and service on BRM may be effective upon serving Byrne.

7. Alternatively, on information and belief, Drakeford is an officer or manager of D&D, and service on D&D may be effective upon serving Drakeford.

8. Global Service Group, L.C. (*"GSC"*) is a Florida limited liability company, which may be served by serving its registered agent at the following address:

        Cyrl "Chip" Morgan, Jr.
        Global Service Group, LC
        1725 E. 5th Avenue
        Tampa, Florida 33605

9. Cyril "Chip" Morgan, Jr. (*"Morgan"*) is an individual resident of the state of Florida, who may be served at the following address:

        Cyril "Chip" Morgan, Jr.
        1725 E. 5th Avenue
        Tampa, Florida 33605

10. Walter H.C. Drakeford (*"Drakeford"*) is an individual residing in the state of Virginia, who may be served at the following address:

        Walter H.C. Drakeford
        601 Jefferson Davis Hwy., Suite 201
        Fredericksburg, Virginia 22401



11. Drakeford & Drakeford, LLC (*"D&D"*) is, on information and belief, a Virginia limited liability company which may be served by serving its registered agent at the following:

> Lisa M. Pepin
> Drakeford & Drakeford, LLC
> 601 Jefferson Davis Hwy., Suite 201
> Fredericksburg, Virginia 22401

### 2. Jurisdiction

12. This court has jurisdiction over this civil action pursuant to Section 10(b) of the Securities Exchange Act of 1934 (*"the 34 Act"*), as codified at 15 U.S.C. §§78a, *et seq.*; 15 U.S.C. §78u-4(b);[1] 17 C.F.R. §240.10b-5;[2] and the Securities Act of 1933, codified at 15 U.S.C. §§77k, *et seq.*

### 3. Venue

13. Venue is proper in the Northern District of Texas because one or more acts (or omissions) constituting violations of the above statutes and regulations occurred in this district – specifically, this district is where the Plaintiff resides and received the communications from one or more of the Defendants giving rise to this claim. *See* 15 U.S.C. §78aa.

### 4. Background Facts

14. Hoyt E. Allen (*"Decedent"* or *"Dr. Allen"*) was an individual residing in the State of Texas. Dr. Allen died on or about January 15, 2006.

15. Sandra Daniels Allen, the Plaintiff in this civil action, was appointed as the Independent Executrix of Dr. Allen's estate, and Letters Testamentary were issued on or about February 9, 2006. Plaintiff remains as the Independent Executrix of Dr. Allen's estate.

16. Under the Last Will & Testament of the Decedent, Plaintiff was named Trustee of the Testamentary Trust, in which capacity she remains today.

---

[1] Section 10(b) of the Securities Exchange Act of 1934.

[2] Commonly known as Rule 10b-5.

17. During his lifetime, Dr. Allen established the Hoyt E. Allen, M.D., P.A. Profit Sharing Plan, dated August 1, 1984 (*"the Plan"*), of which the Plaintiff was the designated beneficiary upon Dr. Allen's death.

18. During his lifetime, Dr. Allen and the Plaintiff settled and established the Hoyt and Sandra Allen Trust No. 65848 (*"the Allen Trust"*), which is an offshore trust.

19. During his lifetime, Dr. Allen established one or more investment accounts acting under the advice and solicitation of one or more of the Defendants (excluding, at the time, the Drakeford entities), through which assets of the Plan and the Allen Trust were invested. This involved the apparent purchase of securities from or through Byrne/BRM and/or Morgan/GSC.

20. Over time, one or more of the Defendants, either acting individually or in concert with one or more of the other Defendants, advised Dr. Allen to invest in and marketed and sold to him securities that were represented to be secure and appropriate for the investment of retirement savings, which would be made through the Plan and/or the Trust, for example.

21. Initially, BRM and Byrne and/or GSC and/or Morgan acted as an investment adviser, broker, and/or broker-dealer to Dr. Allen, the Plan, and the Allen Trust. On information and belief, based upon correspondence received from one or more of the Defendants in latter 2006, BRM and/or Byrne may no longer be acting in that capacity; however, in that case, D&D and Drakeford may be acting as their agents or otherwise in their stead.

22. Periodic written account statements were generated by one or more of the Defendants, including D&D. Most recently, statements purporting to reflect assets held by the Allen Trust and the Plan were generated by D&D on or about June 30, 2006 (each was dated June 30, 2006 and styled as a "portfolio analysis"), and they were provided to the Plaintiff at her home in Rockwall County, Texas shortly thereafter.

23. On information and belief, these account statements and other oral and written statements made by the Defendants to the Plaintiff were materially false and greatly overstated the actual value of the various investments. Plaintiff has attempted to obtain from each of the Defendants information pertaining

to the source of the information provided by D&D, but each of the Defendants has refused to provide that or any related information.

24. Based upon the receipt of each of these account statements and other written and oral representations, Dr. Allen, during his lifetime, and the Plaintiff since Dr. Allen's death, made one or more investment decisions, including the decision to retain and not attempt to sell or liquidate any of the securities sold by the Defendants. This includes the Plaintiff, individually and in her representative capacities, with respect to the information provided directly to her shortly after June 30, 2006. On information and belief, the Plaintiff believes the June 30, 2006 statement was either affirmatively misleading or omitted one or more material facts.

25. In or around August of 2006, and in any event, after June 30, 2006, the Plaintiff developed reason to believe that one or more of the account statements submitted to the Plaintiff were materially false and misleading.

26. The false and misleading nature of the account statements and other information provided by the Defendants to the Plaintiff was not discovered until after June 30, 2006, nor could this have been discovered by the Plaintiff before that time.

27. The Plaintiff has since used all reasonable efforts and due diligence to attempt to determine the value and true nature of these securities, and her remaining interest, if any, but to no avail. Each of the Defendants has failed and refused to respond to written requests for information pertaining to these investments.

28. To the extent certain allegations in this complaint are made on information and belief, it is because of the failure and refusal of any of the Defendants to provide any information to the Plaintiff with respect to any of these assets and the underlying investments.

29. The exact nature and extent of the untruth or misleading nature of the express statements or the omissions of material facts are not fully known to the Plaintiff.

30. Upon discovery of the potential discrepancies in August 2006 and later, the Plaintiff has undertaken reasonable due diligence in an effort to discover facts about the statements made to her (and

accompanying omissions), but, as mentioned above, the Defendants have individually and collectively failed and refused to provide any information to her.

31. The Plaintiff is not fully aware of all of the material facts, and cannot be fully apprised of those facts in the absence of discovery. The Plaintiff will need to rely on particularized discovery to preserve evidence or prevent undue prejudice to her.

32. To the extent that misleading statements were made or material facts omitted from communications with the Plaintiff and Dr. Allen, these acts and omissions were the result of willful and intentional conduct on the part of each of the Defendants.

### 5. Specific Acts & Claims

33. On more than one occasion, through and including June of 2006, one or more of the Defendants, either individually or acting in concert with one or more of the other Defendants, made untrue statements of material facts or omitted material facts necessary for the Plaintiff to make reasoned investment decisions regarding these securities. To the extent known, the specific involvement of each Defendant is described below.

34. **Byrne/BRM.** Byrne and/or BRM acted as an investment advisor, broker, or broker-dealer with respect to one or more securities purportedly sold to the Plaintiff, the Plan, the Trust, or the Decedent.[3]

35. Byrne/BRM, both prior to and following the purported sale of the securities to Dr. Allen, made false and misleading representations to Dr. Allen and/or the Plaintiff in violation of Rule 10b-5, the 34 Act, and the Texas Securities Act (*"TSA"*).

36. **Morgan/GSC.** Morgan and/or GSC acted as an investment advisor, broker, or broker-dealer with respect to one or more securities purportedly sold to the Plaintiff, the Plan, the Trust, or the Decedent.

---

[3] Byrne has been placed under a cease and desist order by the Texas State Securities Board.

37. Morgan/GSC, both prior to and following the purported sale of the securities to Dr. Allen, made false and misleading representations to Dr. Allen and/or the Plaintiff in violation of Rule 10b-5, the 34 Act, and the TSA.

38. With respect to Byrne/BRM and Morgan/GSC, the Plaintiff does not have sufficient information to specify with greater detail the nature or extent of the misrepresentations or omissions on the part of those Defendants. The fraudulent concealment continues to this day, and those defendants still fail and refuse to provide the Plaintiff with any information regarding the nature or status of her and Dr. Allen's investments (or those of the Plan or the Trust), despite repeated requests by the Plaintiff and her agents and attorneys. In effect, these defendants are simply unable to or refuse to provide any information with respect to what happened to Dr. Allen's initial investments, nor the status of those assets today. Apparently, this information will only be forthcoming involuntarily and only with the aid of the discovery process.

39. **D&D/Drakeford.** From what the Plaintiff has been able to ascertain so far, D&D and Drakeford were not involved in the initial sale of the purported securities to Dr. Allen (or the Plan or te Trust), but they have since generated and communicated to the Plaintiff one or more account statements, including statements dated June 30, 2006, which Plaintiff now believes were materially false and misleading, depriving her of the opportunity to sell or liquidate those positions (assuming they actually existed).

40. Accordingly based upon the information available to the Plaintiff so far, the June 30, 2006 statements contained false and misleading information or otherwise omitted material information, in violation of Rule 10b-5[4] and Section 10(b) of the Securities Exchange Act of 1934.[5]

41. The acts and omissions of Byrne/BRM, Morgan/GSC, and D&D/Drakeford also violated Article 581-33 of The Texas Securities Act, and they also constitute common law fraud.

42. Plaintiff also seeks rescission as allowed under applicable law.

---

[4] 17 C.F.R. 240.10b-5.

[5] 15 U.S.C. §78j(b).

43. Alternatively, Plaintiff alleges conversion and money had and received.

## 6. Damages

44. Because of the lack of information provided by the Defendants, the Plaintiff is unable to determine the full extent of her damages; however, on information and belief, her damages could exceed $320,000.00 (depending, in part upon what of the original investments or their proceeds still exist).

## 7. Exhibit

45. The following exhibit is attached to and incorporated in this complaint:

**Exhibit 1:** June 30, 2006 Account Statement(s) issued by D &D [2pp.]

## 8. Demand for Trial by Jury

46. Plaintiff demands a trial by jury.

CONTINUED ON NEXT PAGE

## 9. Prayer

WHEREFORE, Plaintiff prays that each of the Defendants be cited to appear and answer and that the Plaintiff have judgment from and against the Defendants, jointly and severally, for the following:

1. Money damages to the extent of the investment losses incurred as a result of the acts and omissions described above;

2. Rescission;

3. Reasonable attorneys' fees as allowed by law;

3. Pre-judgment interest as allowed by law;

4. Costs of court;

5. Post-judgment interest as allowed by law; and

6. General relief.

Respectfully submitted,

_____
ROGER S. COX, State Bar No. 04956200
EDWARD L. MORRIS, State Bar No. 14477500
SANDERS BAKER PC
P. O. Box 2667
Amarillo, Texas 79105-2667
(806) 372-2020; FAX (806) 372-3725
*Counsel for Sandra Daniels Allen, Individually and as Independent Executor of the Estate of Hoyt E. Allen, Deceased, Plaintiff*

# Drakeford & Drakeford PA
## Portfolio Analysis
### HOYT E ALLEN MD
### PROFIT SHARING PLAN DTD 8-1-1984
#### June 30, 2006

| Quantity | Security | Unit Cost | Total Cost | Current Value |
|---|---|---|---|---|
| 25 | Banyan Hotel Inv. Grp | | | 0.00 |
| 170,721 | CTUM | | | 61,460.00 |
| 192 | Public Storage Inc | | | 14,480.00 |
| 63,697 | Olympus | 1.02 | 64,792 | 41,641.82 |

**Fund Holdings:**

| Asset | Shares or Amount | Current Value |
|---|---|---|
| SVIC | 254,807 units @ $1.65 | $ 420,431.55 |
| CSMG Notes | In Litigation | $ -950,270.68 plus costs |
| Bonanza Gold | 2,167,889 @ $0.38 | $ 823,797.82 |
| PNCR Notes | In Litigation | $1,355,114.00 plus costs |
| CDI, Inc. | Licensing Rights | $6,001,262.00 |

Total Value of Assets Held: $9,550,876.05

Your Ownership of Fund: 0.004360

Your Allocable Share of Fund Assets: $41,641.82



EXHIBIT 1

This report has been prepared for informational purposes only. It is based on information from sources believed to be reliable. No representation is made that the information is accurate or complete. Past performance is not indicative of future results.

# Drakeford & Drakeford PA
## Portfolio Analysis
### Hoyt & Sandra Allen Trust #65848
### June 30, 2006

| Quantity | Security | Unit Cost | Total Cost | Current Value |
|---|---|---|---|---|
| 32,885 | CTUM | 0.30 | 9,865 | 11,839.00 |
| 79,745 | Olympus | 0.88 | 70,000 | 44,994.18 |

**Fund Holdings.**

| Asset | Shares or Amount | Current Value |
|---|---|---|
| SVIC | 254,807 units @ $1.65 | $ 420,431.55 |
| CSMG Notes | In Litigation | $ 950,270.68 plus costs |
| Bonanza Gold | 2,167,889 @ $0.38 | $ 823,797.82 |
| PNCR Notes | In Litigation | $1,355,114.00 plus costs |
| CDI, Inc. | Licensing Rights | $6,001,262.00 |

| | |
|---|---|
| Total Value of Assets Held: | $9,550,876.05 |
| Your Ownership of Fund | 0.004711 |
| Your Allocable Share of Fund Assets | $44,994.18 |



EXHIBIT 1

This report has been prepared for informational purposes only. It is based on information from sources believed to be reliable. No representation is made that the information is accurate or complete. Past performance is not indicative of future results.

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Sandra Daniels Allen, Individually, as Independent Executrix of the Estate of Hoyt E. Allen, Deceased, and as Trustee of the Hoyt E. Allen Testamentary Trust

**DEFENDANTS** William Erik Byrne, Byrne Risk Management Services, Inc., Global Service Group, LC, Cyril "Chip" Morgan, Jr., Walter H.C. Drakeford, and Drakeford & Drakeford, LLC

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Rockwall
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED
APR 6 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Roger S. Cox
Sanders Baker, PC
P.O. Box 2667
Amarillo, TX 79105-2667
(806) 372-2020

ATTORNEYS (IF KNOWN)

3-07CV-0601R

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Securities fraud claims under Rule 10b-5 and the Securities Exchange Act of 1934; also, Securities Act of 1933. See 15 U.S.C. Section 78a et seq; 17 C.F.R. 240.10b-5.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ 300,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 4/5/07
SIGNATURE OF ATTORNEY OF RECORD
ROGER S. COX

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____