IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA DANIELS ALLEN, Individually, | § | |
| as Independent Executor of the Estate of | § | |
| Hoyt E. Allen, Deceased, and as Trustee | § | |
| of the Hoyt E. Allen Testamentary Trust, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 3:07-CV-0601-O |
| | § | ECF |
| WILLIAM ERIK BYRNE, et al., | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION & ORDER**

Before this Court is Rule 12(b) Motion to Dismiss of Defendant Drakeford & Drakeford, A Professional Association ("Drakeford PA") (doc. # 58), filed January 28, 2008. The plaintiff, Sandra Daniels Allen ("Plaintiff") filed a response on February 19, 2008 (doc. # 62). No reply has been filed. For the reasons stated herein, the motion (doc. # 58) is denied.

**I.**

Plaintiff filed suit on April 6, 2007 against the defendants, William Erik Byrne ("Byrne"), Byrne Risk Management Services, Inc. ("BRM"), Global Service Group, L.C. ("GSG"), Cyril Morgan, Jr. ("Morgan"), Walter Drakeford, and Drakeford & Drakeford, L.L.C. ("Drakeford LLC") (collectively, "Defendants") pursuant to the Securities Exchange Act of 1934 ("1934 Act") and the Securities Act of 1933 ("1933 Act"). Pl.'s Am. Compl. at ¶ 12 (citing 15 U.S.C. §§ 77k et seq., 78a et seq., 78u-4(b); 17 C.F.R. § 240.10b-5). Plaintiff also alleges that the Defendants' acts and omissions violate Article 581-33 of the Texas Securities Act and constitute common law fraud. Pl.'s Am. Compl. at ¶ 43.

Plaintiff was appointed as the independent executrix of Hoyt E. Allen's ("Decedent" or "Dr.

Allen") estate. *Id*. at ¶ 15.  Under the Decedent's Last Will & Testament, Plaintiff was named Trustee of the Testamentary Trust. *Id*. at ¶ 16.  Dr. Allen established the Hoyt E. Allen, M.D., P.A. Profit Sharing Plan (the "Plan") of which Plaintiff was the designated beneficiary upon Dr. Allen's death. *Id*. at ¶ 18.  Dr. Allen and Plaintiff settled and established the Hoyt and Sandra Allen Trust No. 65848 (the "Allen Trust") which is an offshore trust.  *Id*. at ¶ 19.

Plaintiff contends that Dr. Allen established one or more investment accounts through the apparent purchase of Byrne/BRM and/or Morgan/GSG securities, acting under the advice and solicitation of one or more of the Defendants (excluding at that time, the Drakeford parties), through which the assets of the Plan and the Allen Trust were invested.  *Id*. at ¶ 20.  Plaintiff contends that over time, one or more of the Defendants, acting individually or in concert with other Defendants, advised Dr. Allen to invest in and sold to him securities that were represented as secure and appropriate investments for retirement savings.  *Id*. at ¶ 21.  Plaintiff contends that the periodic written account statements that were generated by one or more of the Defendants, and other oral and written statements made by one or more of the Defendants, greatly overstated the actual value of the various investments and were otherwise materially false.  *Id*. at ¶¶ 23-24.  Plaintiff contends that despite her repeated requests, Defendants refuse to provide Plaintiff with any information regarding these investments.  *Id*. at ¶¶ 28-29.

On July 26, 2007, Plaintiff filed a motion for leave to file an amended complaint.  In the motion, Plaintiff explained that she mistakenly named the wrong entity and asked for leave so that she could replace Drakeford LLC with Drakeford PA.  Pl.'s Mot. for Leave at 1.  Additionally, Plaintiff sought to clarify some language in the original complaint.  *Id*. at 2.  The motion for leave was granted on August 20, 2007.  Drakeford PA subsequently brought this motion to dismiss on the

basis that this Court lacks personal jurisdiction over it. *See* Def.'s Br. at 2.

## II.

A party may move for dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985); *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985)).

When as in this case, "the district court decides the defendant's motion without an evidentiary hearing, the plaintiff['s] burden is met by presenting a prima facie case for personal jurisdiction. The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[] for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson*, 755 F.2d at 1165 (citations omitted). "The court may resolve [the] jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof." *Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc.*, 963 F.2d 90, 95 (5th Cir. 1992).

## III.

Drakeford PA argues that this Court cannot exercise personal jurisdiction over it because "Drakeford PA has insufficient contacts with the State of Texas to warrant the exercise of personal jurisdiction over it." Def.'s Br. at 2. Plaintiff contends that since "Congress has provided for nationwide service of process in federal securities fraud cases such as this through 15 U.S.C. §

3

78aa[,] no minimum contacts analysis is required and this court has personal jurisdiction over the Defendants so long as service of process was properly had, which is undisputed." Pl.'s Resp. Br. at 2.

A federal court sitting in diversity generally applies traditional minimum contacts analysis to questions of personal jurisdiction. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Under the traditional analysis, a court will examine the contacts between a defendant and the forum state to determine whether the exercise of jurisdiction over the defendant would be permissible under the due process clause of the Fourteenth Amendment.[1] *Id.* By contrast, the requirement that the defendant have minimum contacts with a forum state does not apply in a federal question case in which personal jurisdiction is attained pursuant to a federal statute authorizing nationwide service of process. *See Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994); *S.E.C. v. Cook*, 3:01-CV-0480-R, 2001 WL 803791, at *2 (N.D. Tex. July 11, 2001).

Under Rule 4(k)(1)(D) of the Federal Rules of Civil Procedure, "[s]ervice of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant . . . when authorized by a statute of the United States." FED. R. CIV. P. 4(k)(1)(D). Where service is authorized by federal statute, the more expansive due process requirements of the Fifth Amendment govern the controversy and "the relevant [due process] inquiry is whether the defendant has had minimum contacts with the United States." *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of*

---

1. A court's exercise of jurisdiction over a nonresident defendant comports with Fourteenth Amendment due process if "'(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.'" *Panda Brandywine Corp.*, 253 F.3d at 868 (quoting *Alpine View Co. Ltd. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000)).

*Michigan*, 97 F.3d 822, 825-26 (5th Cir. 1996) (citing *Busch*, 11 F.3d at 1258). Consequently, when a congressional statute provides for nationwide service of process, a district court will have personal jurisdiction over a United States resident who is personally served in the United States since a resident has sufficient minimum contacts with the United States by virtue of the United States resident's residency. *See Bellaire Gen. Hosp*, 97 F.3d at 825 ("In *Busch* . . . , we analyzed the nationwide service of process provision contained in § 78aa of the 1934 Securities Exchange Act. Concluding that service of process and personal jurisdiction are conceptually related concepts, we determined that when a federal court attempts to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States. . . . We specified that in such a case the relevant sovereign is the United States, and held that the due process concerns of the Fifth Amendment are satisfied and traditional notions of fair play and substantial justice are not offended where a court exercises personal jurisdiction over a defendant residing within the United States.") (internal quotations and citations omitted).

Plaintiff brought this suit pursuant to the Securities Act of 1933 and the Securities Exchange Act of 1934. Pl.'s Am. Compl. at at ¶ 12. Plaintiff also alleges that Defendants' acts and omissions violate Article 581-33 of the Texas Securities Act and constitute common law fraud. *Id*. at ¶ 43. "The jurisdiction and venue provision of the 1934 Act, 15 U.S.C. § 78aa, obviously governs this court's personal jurisdiction as to the 1934 Act claims. That provision also governs actions under the 1933 Act when, as here, a plaintiff joins 1933 Act and 1934 Act claims in one suit." *G.R.M. v. Equine Inv. & Mgmt. Group*, 596 F. Supp. 307, 311 (S.D. Tex. 1984) (citing *Hilgeman v. Nat'l Ins. Co. of America*, 547 F.2d 298, 301 n.7 (5th Cir. 1977)). As the Fifth Circuit has noted, "the general

rule is that where a plaintiff states claims under both the '33 and '34 Acts, the less restrictive jurisdiction and venue provisions contained in § 27 of the 1934 Act are to be applied." *Hilgeman*, 547 F.2d at 301 n.7 (citations omitted). Furthermore, "[t]hat 1934 Act provision likewise governs this court's personal jurisdiction as to plaintiff['s] pendent Texas law claims." *G.R.M.*, 596 F. Supp. at 311 (citations omitted). All of Plaintiff's claims arise out of representations made and advice given with respect to securities purchases made with the assets of the Plan and the Allen Trust. *See* Pl.'s Am. Compl. at ¶¶ 34-43. Therefore, Plaintiff's federal and state claims arise out of a "common nucleus of operative fact" and would be expected to be brought in a single lawsuit. *See United Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (pendent jurisdiction may be exercised when federal and state claims have a "common nucleus of operative fact" and would "ordinarily be expected to [be tried] all in one judicial proceeding"). Hence, this Court will apply the doctrine of "pendant personal jurisdiction" over Drakeford PA with respect to Plaintiff's state claims if this Court exercises personal jurisdiction over Drakeford PA with respect to Plaintiff's federal claims.[2] *See*

---

2. As this Court previously observed, it does not appear that the Fifth Circuit nor any "district court in Texas [] squarely addressed the issue of whether 'pendent personal jurisdiction' exists over claims that are pendent or supplemental to those that derive from a *common nucleus of operative fact* as those for which personal jurisdiction exists under a federal statute authorizing nationwide service of process." *Team Healthcare/Diagnostic Corp. v. Aetna Life Ins. Co.*, No. 3:07-CV-0214-O, 2008 WL 483366, at *6-7 (N.D. Tex. Feb. 22, 2008). However, this Court observed that a district court for the Southern District of Texas accepted the doctrine of pendant personal jurisdiction in *Newby v. Enron Corporation*, 465 F. Supp. 2d 687, 706 (S.D. Tex. 2006), and this Court also found persuasive the decisions of its sister circuits adopting the doctrine. *See Aetna Life Ins. Co.*, 2008 WL 483366, at *6-7. It appears that "most district courts and all circuit courts of appeals to address the issue have held that . . . where a federal statute authorizes nationwide service of process and claims 'derive from a common nucleus of operative fact' as the claims under the relevant statute, the district court may assert personal jurisdiction regarding the related claims even if personal jurisdiction is not otherwise available." *Id*. at 11 (citing *I.U.E. A.F.L.-C.I.O. Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993); *E.S.A.B. Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 627 (4th Cir. 1997); *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002)).

*Newby v. Enron Corp.*, 465 F. Supp. 2d 687, 706 (S.D. Tex. 2006); *G.R.M.*, 596 F. Supp. at 311 (citations omitted).

The 1934 Act authorizes nationwide service of process. *See* 15 U.S.C. § 78aa ("[P]rocess . . . may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."). *See also* 909 *Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292 (S.D. Tex. 1990) ("Section 27 of the Act provides that process may be served in any district of which the defendant is an inhabitant or wherever the defendant may be found. 15 U.S.C. § 78aa (1988). Therefore, there is nationwide service of process over any defendant having minimum contacts with the United States.") (citing *Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974); *Taylor v. Bear Stearns & Co.*, 572 F. Supp. 667, 679 (N.D. Ga. 1983)). Drakeford PA is "organized under the laws of Florida, and is based in Fredericksburg, Virginia, where it has its principal place of business." Def.'s Br. at 2-3; Def.'s App. at 1. Drakeford PA was served at its principal place of business in Fredericksburg, Virginia on April 27, 2007.[3] *See* Doc. # 8. Therefore, this Court has personal jurisdiction over Drakeford PA. *See Bellaire Gen. Hosp.*, 97 F.3d at 825-26.

**IV.**

In sum, this Court has personal jurisdiction over Drakeford PA with regard to Plaintiff's federal claims by virtue of the 1934 Act's nationwide service of process provision. In addition, this Court has pendant personal jurisdiction over Drakeford PA with respect to Plaintiff's state claims,

---

3. Plaintiff indicated to this Court that she was initially mistaken as to the identity of Drakeford PA. *See* Pl.'s Mot. for Leave at 1; Doc. # 44. As a result, Plaintiff named Drakeford LLC, rather than Drakeford PA in the summons served at Drakeford PA's principal place of business in Fredericksburg, Virginia. *See* Doc. # 8. On July 26, 2007, Plaintiff filed a motion to replace Drakeford LLC with Drakeford PA in this action. The motion was granted on August 20, 2007. The certificate of conference included in Plaintiff's motion for leave indicates that the Drakeford parties did not oppose the substitution. *See* Pl.'s Mot. for Leave at 4; Doc. # 44.

because they arise out of a common nucleus of operative fact as the federal claims. Therefore, Drakeford PA's motion to dismiss (doc. # 58) is denied.

SO ORDERED. This 24th day of March, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**