IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA DANIELS ALLEN, Individually, | § | |
| as Independent Executor of the Estate of | § | |
| Hoyt E. Allen, Deceased, and as Trustee | § | |
| of the Hoyt E. Allen Testamentary Trust, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:07-CV-0601-O |
| | § | ECF |
| WILLIAM ERIK BYRNE, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Before this Court are Rule 12(b) Motion to Dismiss of Defendants Walter H.C. Drakeford ("Drakeford") and Drakeford & Drakeford, L.L.C. ("Drakeford LLC") (Doc. No. 13), filed May 17, 2007; Rule 12(b) Motion to Dismiss of Defendant Cyril "Chip" Morgan, Jr. ("Morgan") (Doc. No. 25), filed June 13, 2007; and Rule 12(b) Motion to Dismiss of Defendant Global Service Group, L.C. ("GSG") (Doc. No. 27), filed June 13, 2007. For the reasons stated herein, the motions are denied.

**I.**

Plaintiff filed suit on April 6, 2007 against the defendants, William Erik Byrne ("Byrne"), Byrne Risk Management Services, Inc. ("BRM"), GSG, Morgan, Drakeford, and Drakeford LLC (collectively, "Defendants") pursuant to the Securities Exchange Act of 1934 and the Securities Act of 1933. Pl.'s Am. Compl. at ¶ 12 (citing 15 U.S.C. §§ 77k et seq., 78a et seq., 78u-4(b); 17 C.F.R. § 240.10b-5). Plaintiff also alleges that the Defendants' acts and omissions violate Article 581-33 of the Texas Securities Act and that the acts and omissions constitute common law fraud. Pl.'s Am. Compl. at ¶ 43.

Plaintiff was appointed as the independent executrix of Hoyt E. Allen's ("Decedent" or "Dr. Allen") estate. *Id.* at ¶ 15. Under the Decedent's Last Will & Testament, Plaintiff was named Trustee of the Testamentary Trust. *Id.* at ¶ 16. Dr. Allen established the Hoyt E. Allen, M.D., P.A. Profit Sharing Plan (the "Plan") of which Plaintiff was the designated beneficiary upon Dr. Allen's death. *Id.* at ¶ 18. Dr. Allen and Plaintiff settled and established the Hoyt and Sandra Allen Trust No. 65848 (the "Allen Trust") which is an offshore trust. *Id.* at ¶ 19.

Plaintiff contends that Dr. Allen established one or more investment accounts through the apparent purchase of Byrne/BRM and/or Morgan/GSG securities, acting under the advice and solicitation of one or more of the Defendants (excluding at that time, the Drakeford parties), through which the assets of the Plan and the Allen Trust were invested. *Id.* at ¶ 20. Plaintiff contends that over time, one or more of the Defendants, acting individually or in concert with other Defendants, advised Dr. Allen to invest in and sold to him securities that were represented as secure and appropriate investments for retirement savings. *Id.* at ¶ 21. Plaintiff contends that the periodic written account statements that were generated by one or more of the Defendants, and other oral and written statements made by one or more of the Defendants, greatly overstated the actual value of the various investments and were otherwise materially false. *Id.* at ¶¶ 23-24. Plaintiff contends that despite her repeated requests, Defendants refuse to provide Plaintiff with any information regarding these investments. *Id.* at ¶¶ 28-29.

On July 26, 2007, Plaintiff filed a motion for leave to file an amended complaint. In the motion, Plaintiff explained that she mistakenly named the wrong entity and asked for leave so that she could file an amended complaint to replace Drakeford LLC with Drakeford PA. Pl.'s Mot. for Leave at 1. Additionally, Plaintiff sought to clarify some language in the original complaint. *Id.*

2

at 2. The motion for leave was granted on August 20, 2007, and Drakeford LLC was terminated as a party in this action. Hence, the motion to dismiss with respect to Drakeford LLC is denied as moot, and this Court shall address below the motion to dismiss with respect to Drakeford, along with the motions to miss filed by Morgan and GSG. Drakeford, Morgan and GSG argue that this Court lacks personal jurisdiction over them due to their insufficient contacts with Texas and/or because they are protected by the fiduciary shield doctrine. Drakeford Mot. to Dismiss at 4; Morgan Mot. to Dismiss at 2; GSG Mot. to Dismiss at 2.

**II.**

The exercise of personal jurisdiction over a nonresident defendant must comport with the requirements of due process. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987). A federal court sitting in diversity generally applies traditional minimum contacts analysis to questions of personal jurisdiction. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Under the traditional analysis, a court will examine the contacts between a defendant and the forum state to determine whether the exercise of jurisdiction over the defendant would be permissible under the due process clause of the Fourteenth Amendment.[1] *Id*. By contrast, the requirement that the defendant have minimum contacts with a forum state does not apply in a federal question case in which personal jurisdiction is attained pursuant to a federal statute authorizing nationwide service of process. *See Busch v. Buchman, Buchman & O'Brien*, 11 F.3d 1255, 1258 (5th Cir. 1994); *S.E.C.*

---

1. A court's exercise of jurisdiction over a nonresident defendant comports with Fourteenth Amendment due process if "'(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.'" *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (quoting *Alpine View Co. Ltd. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000)).

*v. Cook*, 3:01-CV-0480-R, 2001 WL 803791, at *2 (N.D. Tex. July 11, 2001).

Under Rule 4(k)(1)(C) of the Federal Rules of Civil Procedure, "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute." FED. R. CIV. P. 4(k)(1)(C). Where service is authorized by a federal statute, the more expansive due process requirements of the Fifth Amendment govern the controversy and "the relevant [due process] inquiry is whether the defendant has had minimum contacts with the United States." *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 825-26 (5th Cir. 1996) (citing *Busch*, 11 F.3d at 1258). Consequently, when a federal statute provides for nationwide service of process, a district court will have personal jurisdiction over a United States resident who is personally served in the United States because a resident has sufficient minimum contacts with the United States by virtue of the residency. *See Bellaire Gen. Hosp*, 97 F.3d at 825 ("In *Busch* . . . , we analyzed the nationwide service of process provision contained in § 78aa of the 1934 Securities Exchange Act. Concluding that service of process and personal jurisdiction are conceptually related concepts, we determined that when a federal court attempts to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States. . . . We specified that in such a case the relevant sovereign is the United States, and held that the due process concerns of the Fifth Amendment are satisfied and traditional notions of fair play and substantial justice are not offended where a court exercises personal jurisdiction over a defendant residing within the United States.") (internal quotations and citations omitted).

Plaintiff brought this suit pursuant to the Securities Act of 1933 and the Securities Exchange Act of 1934. Pl.'s Am. Compl. at ¶ 12. Plaintiff also alleges that the Defendants' acts and

4

omissions violate Article 581-33 of the Texas Securities Act and constitute common law fraud. *Id.* at ¶ 43. The Securities Exchange Act of 1934 authorizes nationwide service of process. *See* 15 U.S.C. § 78aa ("[P]rocess . . . may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."). "The jurisdiction and venue provision of the 1934 Act, 15 U.S.C. § 78aa, obviously governs this court's personal jurisdiction as to the 1934 Act claims. That provision also governs actions under the 1933 Act when, as here, a plaintiff joins 1933 Act and 1934 Act claims in one suit." *G.R.M. v. Equine Inv. & Mgmt. Group*, 596 F. Supp. 307, 311 (S.D. Tex. 1984) (citing *Hilgeman v. Nat'l Ins. Co. of America*, 547 F.2d 298, 301 n.7 (5th Cir. 1977)). As the Fifth Circuit has noted, "the general rule is that where a plaintiff states claims under both the '33 and '34 Acts, the less restrictive jurisdiction and venue provisions contained in § 27 of the 1934 Act are to be applied." *Hilgeman*, 547 F.2d at 301 n.7 (citations omitted).

Furthermore, "[t]hat 1934 Act provision likewise governs this court's personal jurisdiction as to plaintiff['s] pendent Texas law claims." *G.R.M.*, 596 F. Supp. at 311 (citations omitted). All of Plaintiff's claims arise out of representations made and advice given with respect to securities purchases made with the assets of the Plan and the Allen Trust. *See* Pl.'s Am. Compl. at ¶¶ 34-43. Therefore, Plaintiff's federal and state claims arise out of a "common nucleus of operative fact" and would be expected to be brought in a single lawsuit. *See United Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (pendent jurisdiction may be exercised when federal and state claims have a "common nucleus of operative fact" and would "ordinarily be expected to [be tried] all in one judicial proceeding"). Hence, this Court will apply the doctrine of "pendant personal jurisdiction" over Morgan, Drakeford and GSG with respect to Plaintiff's state claims if this Court exercises personal

5

jurisdiction over them with respect to Plaintiff's federal claims.[2] *See Newby v. Enron Corp.*, 465 F. Supp. 2d 687, 706 (S.D. Tex. 2006); *G.R.M.*, 596 F. Supp. at 311 (citations omitted).

### III.

Drakeford argues that this Court cannot exercise personal jurisdiction over him because any actions he took were taken in his representative capacity, and hence, he is protected by the fiduciary shield doctrine.[3] Drakeford Mot. to Dismiss at 4. Morgan argues that this Court lacks personal jurisdiction over him because he has no contacts with Texas that would give rise to personal jurisdiction and also because his actions, if any, were taken in his capacity as a representative of GSG. Morgan Mot. to Dismiss at 2. GSG argues that this Court cannot exercise personal jurisdiction over it because it lacks sufficient contacts with Texas. GSG Mot. to Dismiss at 2. While

---

2. As this Court previously observed, it does not appear that the Fifth Circuit nor any "district court in Texas [] squarely addressed the issue of whether 'pendent personal jurisdiction' exists over claims that are pendent or supplemental to those that derive from a *common nucleus of operative fact* as those for which personal jurisdiction exists under a federal statute authorizing nationwide service of process." *Team Healthcare/Diagnostic Corp. v. Aetna Life Ins. Co.*, No. 3:07-CV-0214-O, 2008 WL 483366, at *6-7 (N.D. Tex. Feb. 22, 2008). However, this Court observed that a district court for the Southern District of Texas accepted the doctrine of pendant personal jurisdiction in *Newby v. Enron Corporation*, 465 F. Supp. 2d 687, 706 (S.D. Tex. 2006), and this Court also found persuasive the decisions of its sister circuits adopting the doctrine. *See Aetna Life Ins. Co.*, 2008 WL 483366, at *6-7. It appears that "most district courts and all circuit courts of appeals to address the issue have held that . . . where a federal statute authorizes nationwide service of process and claims 'derive from a common nucleus of operative fact' as the claims under the relevant statute, the district court may assert personal jurisdiction regarding the related claims even if personal jurisdiction is not otherwise available." *Id.* at 11 (citing *I.U.E. A.F.L.-C.I.O. Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993); *E.S.A.B. Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 627 (4th Cir. 1997); *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002)).

3. "[T]he fiduciary-shield doctrine . . . holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation . . . ." *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).

6

these arguments may have been persuasive if this was a diversity case which called for a traditional minimum contacts analysis, Plaintiff brought this suit pursuant to a federal statute that provides for nationwide service of process. Pl.'s Am. Compl. at at ¶ 12. Therefore, the requirement that the defendant have minimum contacts with a forum state is not applicable here. *See Busch*, 11 F.3d at 1258; *Cook*, 2001 WL 803791, at *2. As explained above, because of the 1934 Act's nationwide service of process provision, this Court has personal jurisdiction over a United States resident personally served in the United States since the resident has sufficient minimum contacts with the United States by virtue of the residency. *See Bellaire Gen. Hosp*, 97 F.3d at 825. Morgan is a resident of Florida and he was served in Florida. *See* Doc. No. 33; Morgan Br. in Supp. of Mot. to Dismiss at 6; Morgan App. in Supp. of Mot. to Dismiss at 2. Drakeford is a resident of Virginia and he was served in Virginia. *See* Doc. No. 8; Drakeford Br. in Supp. of Mot. to Dismiss at 7; Drakeford App. in Supp. of Mot. to Dismiss at 4. GSG "is a Florida Company with its principal place of business located in Tampa, Florida," and it was served in Florida. *See* Doc. No. 34; GSG Br. in Supp. of Mot. to Dismiss at 3; GSG App. in Supp. of Mot. to Dismiss at 2. Therefore, this Court has personal jurisdiction over Drakeford, Morgan and GSG. *See Bellaire Gen. Hosp.*, 97 F.3d at 825-26.

## IV.

In sum, this Court has personal jurisdiction over Drakeford, Morgan and GSG with regard to Plaintiff's federal claims by virtue of the 1934 Act's nationwide service of process provision. In addition, this Court has pendant personal jurisdiction over Drakeford, Morgan and GSG with respect to Plaintiff's state claims, because they arise out of a common nucleus of operative fact as the federal claims. Therefore, the motions to dismiss filed by Drakeford, Morgan and GSG (Doc. Nos.

13, 25 & 27) are denied.

SO ORDERED this 28th day of April, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**